UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 08-61115-CIV-COOKE/BANDSTRA

RUDOLPH V. TOWNS,

    *Plaintiff*,

v.

GENERAL MOTORS CORPORATION,

    *Defendant*.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint [D.E. 6] filed on November 26, 2008. Defendant argues that, pursuant to Federal Rule 12(b)(6), Plaintiff's complaint should be dismissed. For the reasons stated below, Defendant's Motion to Dismiss is granted.

**I.  BACKGROUND**

*Pro se* Plaintiff Rudolph Towns ("Plaintiff" or "Towns") filed his complaint [D.E. 1] on July 16, 2008, seeking damages from Defendant General Motors Corporation ("Defendant" or "GM"). The complaint seems to assert that Towns was injured on February 16, 1965, while working for the Fisher Body Division of GM, located in Cleveland, Ohio. Plaintiff alleges that he is entitled to compensatory and punitive damages for his injuries. It is difficult to ascertain what claims Plaintiff is asserting, however, Plaintiff seems to assert claims for negligence and discrimination.

## II.     LEGAL STANDARD – Motion to Dismiss

"When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted." *Holtzman v. B/E Aerospace, Inc.*, No. 07-80511, 2008 WL 214715, at *1 (S.D. Fla. Jan. 24, 2008) (referring to a Motion to Dismiss filed under Rule 12(b)(6)) (citation omitted). The complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating the old "unless it appears beyond a doubt that the plaintiff can prove no set of facts" standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face."); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001)("Pleadings must be something more than an ingenious academic exercise in the conceivable.") (en banc) (quoting *United States v. Students Challenging Regulatory Ag. Proc.*, 412 U.S. 669, 688 (1973)). More simply, dismissal is appropriate if the plaintiff has not "nudged [its] claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974. Additionally, *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and must be liberally construed. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003); *see also Faulk v. City of Orlando*, 731 F.2d 787, 789-90 (11th Cir. 1984) ("A . . . *pro se* complaint 'however inartfully pleaded   must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)). Although, the pleadings of *pro se* litigants are entitled to liberal construction, "this leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

**III.     ANALYSIS**

Defendant's Motion to Dismiss must be granted pursuant to Fed.R.Civ.P. 12(b)(6). "A complaint is . . . subject to dismissal under Rule 12(b)(6) when its allegations-on their face-show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Ala*., 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock,* 549 U.S. 199, 215, (2007) (dicta) (If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ."). Plaintiff's complaint facially reveals that the negligence claim is barred as untimely. Plaintiff's injury occurred in Cleveland Ohio; therefore, the court will look to Ohio tort law to determine whether Plaintiff is facially barred from asserting a negligence action. The relevant provision of Ohio's statute of limitations for personal injury states that, "an action based on a product liability claim and an action for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues." Ohio Rev. Code Ann. § 2305.10. Further, the statute of limitations for asserting a negligence claim under Florida law is four years. Fla. Stat. § 95.11(3)(a). Plaintiff asserts that, due to GM's negligence, he was injured in 1965. Clearly, the statute of limitations has expired – Plaintiff's action accrued over forty years ago. Even if Plaintiff could assert the essential elements for a negligence claim, Plaintiff would be barred by the statute of limitations. Thus, Plaintiff cannot assert a negligence claim against GM.

Furthermore, the Ohio Worker's Compensation Act is the exclusive remedy for bodily injuries sustained by Plaintiff while working for Defendant. The relevant provision of Ohio's workers compensation statute states: "Employers who comply . . . shall not be liable to respond in damages at common law or by statute for any injury, or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of his

employment . . . ." Ohio Rev. Code Ann. § 4123.74.  Plaintiff received a head injury while working in GM's Fisher Body plant.  Ohio has chosen to implement a worker's compensation system that protects an employer from suit if the employer participates in the compensation system.  *Blankenship v. Cincinnati Milacron Chemicals, Inc.*, 433 N.E.2d 572, 577 (Ohio 1982).  Further, the Ohio Worker's Compensation Act "operates as a balance of mutual compromise between the interests of the employer and the employee whereby employees relinquish their common law remedy and accept lower benefit levels coupled with the greater assurance of recovery and employers give up their common law defenses and are protected from unlimited liability."  *Id*.  Plaintiff should look to the Ohio Worker's Compensation Act to provide compensation for his bodily injuries, not federal court.  Therefore, Plaintiff cannot bring a negligence action against his former employer.

Plaintiff also contends that "this is a clear cut discrimination case."  (Pl.'s Compl. at 2).  Plaintiff's discrimination claim must also be dismissed.  Ohio has differing statute of limitation periods for discrimination claims.  The length of the statute of limitation period varies according to the classification of the alleged discrimination.  *Compton v. Swan Super Cleaners*, No. 08-CV-002, 2008 WL 1924251, at *3 (S.D. Ohio April 29, 2008).  While Ohio has different statute of limitation periods for discrimination, the longest limitation period is six years.  *Cully v. St. Augustine Manor*, No. 67601, 1995 WL 237129, at *3 (Ohio App. Dist. April 20, 1995).  Further, Florida has a four year statute of limitations period for discrimination claims brought under a state statute.  Fla. Stat. § 95.11(3)(f).  Plaintiff seems to suggest that he was discriminated against due to his injury, which occurred in 1965.  Therefore, even if the discrimination claim is viewed in the light most favorable to Plaintiff, a six year period, the claim is still time barred.

Plaintiff has also failed to allege facts sufficient to support a discrimination claim. While the Court understands why a negligence claim is asserted, Plaintiff offers no factual support for a claim of discrimination. A plaintiff's complaint must set forth more than conclusory allegations and unfounded factual inferences. *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1262 (11th Cir. 2004); *see also Brennan v. Cambridge Mun. Court*, No. 96-3485, 1998 WL 91801 at *2 (6th Cir. 1998) (affirming the district court's dismissal of *pro se* Plaintiff's complaint on the basis that the complaint failed to offer factual support of discrimination). Plaintiff's complaint does not state any facts which support the discrimination claim. Thus, Plaintiff fails to bring a cause of action for discrimination.

### IV.    CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [D.E. 6], pursuant to Federal Rule 12(b)(6), is **GRANTED**. All pending motions are **DENIED as moot** and the Clerk is instructed to **CLOSE the case**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of April 2009.

_____
MARCIA G. COOKE
United States District Judge

Copies to:
Honorable Ted E. Bandstra
All counsel of record

Rudolph Towns, *pro se* Plaintiff
5733 S.W. 18th Street
Apt. B

Hollywood, FL 33023